UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| Cynthia Majeski<br>31 Cedar St<br>New Egypt, NJ 08533<br><br>　　　Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, Inc<br>c/o Judith Sugg Scott, Registered Agent<br>120 Corporate Blvd, Suite 100<br>Norfolk, VA 23502<br><br>　　　Defendant. | Case No.<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT AND<br>OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around December 16, 2007, Plaintiff filed a voluntary petition for a Chapter 7 bankruptcy.

8. The debt in question was listed on Plaintiff's bankruptcy petition.

9. On or around March 19, 2008, Plaintiff's debts were discharged in bankruptcy.

10. On or around May 27, 2010, Defendant telephoned Plaintiff.

11. During this communication, Plaintiff notified Defendant that Plaintiff had filed for bankruptcy and that Plaintiff's debts were discharged in bankruptcy.

12. Despite Plaintiff's notice, Defendant telephoned Plaintiff at least 3 more times thereafter.

13. During at least one of these communications, Plaintiff again notified Defendant that Plaintiff had filed for bankruptcy and that Plaintiff's debts were discharged in bankruptcy.

14. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

15. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiff notwithstanding Plaintiff's notice that Plaintiff was represented by an attorney.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Alana Carrion*
    Alana Carrion (Bar No. 015172006)
    17 Academy Street, Suite 610
    Newark, NJ 07102
    Tel: 1.866.339.1156
    Fax: 1.312.822.1064
    axc@legalhelpers.com
    *Attorney for Plaintiff*